IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN WARREN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-877-O |
| | § | (NO. 4:22-CR-293-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Adrian Warren under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On September 27, 2022, Movant was named in a four-count indictment charging him in count one with conspiracy to manufacture and possess with intent to distribute 400 grams or more of fentanyl and 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2, in count three with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and in count four with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. CR ECF No.[2] 27. Movant

---

[1] The reply is titled "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255." ECF No. 15.
[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-293-O.

initially entered a plea of not guilty. CR ECF No. 31. He later signed a plea agreement, CR ECF No. 43, and factual resume. CR ECF No. 42. Pursuant to the plea agreement, Movant agreed to plead guilty to the offense charged by count two of the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss at sentencing any remaining counts of the indictment. CR ECF No. 43. The plea agreement also set forth that: Movant understood the nature and elements of the crime to which he was pleading guilty and the factual resume he signed was true; he understood he faced a term of imprisonment of not less than 5 years and not more than 40 years; he had reviewed the guidelines with counsel and understood that no one could predict the sentence that might be imposed and that the sentence was solely within the Court's discretion; the plea was freely and voluntarily made and not the result of force, threats, or promises; Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the representation provided; and, he waived his right to appeal or otherwise contest his conviction and sentence except in certain limited circumstances. *Id.* The factual resume set forth the penalties Movant faced, the essential elements of the offense charged in count two, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 42.

On October 26, 2022, Movant appeared in open court for rearraignment and testified under oath that: he had discussed with counsel the charges against him and how the sentencing guidelines might apply in his case; he had received the indictment and fully understood the charges against him; he understood and admitted that he had committed all of the essential elements of the offense charged in count two; he was fully satisfied with the legal advice and representation he had received from counsel; he signed the plea agreement after having read and understood it; he

understood and had discussed with counsel the waiver of right to appeal; he voluntarily and of his own free will entered into the plea agreement, including the waiver of appeal provision; other than the plea agreement, no one had made any other promise or assurance to induce him to plead guilty; no one had forced or threated him to induce him to plead guilty; he understood the penalties he faced; and, he signed the factual resume and the facts contained in it were true and correct. CR ECF No. 90.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 36. CR ECF No. 52, ¶ 50. He received two-level enhancements for possession of a firearm, *id.* ¶ 51, for maintaining a drug premises, *id.* ¶ 52, role as organizer, leader, manager, or supervisor, *id.* ¶ 54, and obstruction of justice. *Id.* ¶ 55. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 58, 59. Based on a total offense level of 41 and a criminal history category of III, his guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 40 years, so the guideline range became 360 to 480 months. *Id.* ¶ 109. Movant did not file objections to the PSR but filed a motion for sentencing variance. CR ECF No. 74.

The Court considered the motion for variance at sentencing and did not grant it. The Court also considered what Movant alleged were objections to the PSR and overruled them. The Court sentenced Movant to a term of imprisonment of 360 months. CR ECF No. 86; CR ECF No. 76. Movant appealed, CR ECF No. 79, despite having waived the right to do so. CR ECF No. 43, ¶ 12. The United States Court of Appeals for the Fifth Circuit appointed the Federal Public Defender ("FPD") to represent Movant on appeal. CR ECF No. 91. The FPD filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth

Circuit concurred with the FPD's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Warren*, No. 23-10154, 2023 WL 8712051 (5th Cir. Dec. 18, 2023).

## II. GROUNDS OF THE MOTION

Movant sets forth eight grounds in which he alleges that he received ineffective assistance of counsel. ECF No. 1. Specifically, he contends that his trial attorney provided ineffective assistance by failing: (1) to be prepared for trial, causing the plea to be involuntary; (2) to explain the PSR and file objections to it; (3) to object to the reckless endangerment enhancement; (4) to explain that he could lead guilty as to some charges and go to trial on others; (5) to predict the upcoming amendment 821 that would have lowered Movant's guideline range; and, (6) to withdraw. He contends that the FPD provided ineffective assistance in failing to notify Movant of the *Anders* brief before it was filed and failing to raise grounds 1–3 and 5 on appeal.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong

5

presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Movant's motion is conclusory and nonsensical. Many of the grounds contradict each other. For example, in his first ground, Movant alleges that counsel never reviewed the PSR with him. In his second, he complains that counsel failed to file very specific objections to the PSR that Movant requested be made. Both cannot be true. In any event, the claimed merit of his grounds is belied by the record.

Movant first alleges that he was coerced into pleading guilty due to the lack of preparation of his counsel, including the failure to let Movant review discovery. ECF No. 1 at 4.[3] In his fourth ground, he alleges that he pled guilty because he was misadvised. *Id.* at 8. In his sixth ground, he alleges that there existed an irreconcilable conflict between him and counsel even before he pled guilty. *Id.* at 17. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No.

---

[3] The page number references to the motion are to "Page __ of 29" reflected at the top right portion of the document on the Court's electronic filing system.

6

43. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his first ground, Movant also alleges that he was "never given the chance to look over [his] PSR." ECF No. 1 at 4. He further alleges that at sentencing he informed the Court that he had not had a chance to go over the PSR and that counsel never contested that statement. *Id.* at 13. At sentencing, counsel represented to the Court that he and Movant had received and reviewed the PSR together. CR ECF No. 86 at 4. Movant acknowledged that counsel discussed the PSR with him and gave him a copy to read in his cell. *Id.* at 11.

In his first ground, Movant further alleges that counsel never conducted any investigation and that Movant could not possibly have made an intelligent decision about accepting a plea without knowing what evidence he faced. ECF No. 1 at 13. One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant

7

can only speculate as to what might have been done and how it would have made any difference. His conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282.

In his second ground, Movant alleges that counsel should have filed a motion for variance based on policy grounds in line with the "mixture" rather than "actual" methamphetamine. ECF No. 1 at 5 & 14. Counsel did file such a motion, CR ECF No. 74, which was considered at sentencing, along with all of the objections Movant said he had wanted to make. CR ECF No. 86. That he did not prevail does not mean that he received ineffective assistance of counsel. *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004).

In his third ground, Movant alleges that counsel should have challenged the two-level enhancement for reckless endangerment. ECF No. 1 at 7 & 15. The PSR reflects that Movant attempted to evade surveillance by driving erratically at a high rate of speed and ran stop signs and traffic lights to avoid officers for three to four minutes. Ultimately, Movant rolled the vehicle and attempted to run away. He recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement and properly received the enhancement. CR ECF No. 52, ¶¶ 23, 55. Any objection would have been frivolous. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (failure to make frivolous objection does not constitute deficient representation); *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (same).

In his fourth ground, Movant alleges that he wanted to plead guilty to counts one and four and go to trial on the other counts. He alleges that counsel failed to advise him that he could do so. He cites no authority to support this argument. ECF No. 1 at 8. His proposed plan makes no sense in any event. As the government points out, pleading guilty to counts one and four would have resulted in a mandatory sentence of ten years' to life imprisonment for the drug trafficking

8

conspiracy plus an additional 60-month consecutive sentence for firearm possession. ECF no. 10 at 21 (citing 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)). This ground is foreclosed by Movant's knowing and voluntary guilty plea in any event.

In his fifth ground, Movant argues that counsel should have anticipated a change in the sentencing guidelines and argued that his criminal history points should have been lower. ECF No. 1 at 16. Even had Amendment 821 been in effect, and it was not, Movant would not have met the criteria because he received criminal history points under Chapter Four, Part A of the guidelines, possessed a firearm in connection with the offense, and received an aggravated role adjustment. CR ECF No. 52, ¶¶ 51, 54, 65, 67. *See* USSG § 4C1.1.

In his sixth ground, Movant argues that counsel had an irreconcilable conflict and should have withdrawn. ECF No. 1 at 17. To show a Sixth Amendment violation, Movant has to show that his attorney acted under the influence of an actual conflict and that such conflict adversely affected Movant's representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348–49 (1980)). A theoretical or speculative conflict is not enough; Movant must show that counsel was required to make a choice advancing his own interests or the interests of his other client to movant's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Scott*, 65 F.3d 1258, 1277 (5th Cir. 1995) (en banc). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243. The conflict alleged here is not the type that would have mandated withdrawal. Counsel cannot have been ineffective or have suffered from a conflict as a result of the refusal to file frivolous motions or objections. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). As discussed at sentencing, that appeared to be the basis for the alleged conflict. CR ECF No. 86 at 16–18.

In his seventh and eighth grounds, Movant alleges that he received ineffective assistance of counsel on appeal. He complains that the FDP did not advise him that he would be filing an *Anders* brief. He also complains that the FDP should have raised the matters presented by this motion in grounds 1–3, and 5. ECF No. 1 at 18. The grounds are frivolous. The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if he finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Movant waived his right to appeal except in certain limited circumstances not applicable here, CR ECF No. 43, ¶ 12, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 n.11 (5th Cir. 2020). None of the grounds Movant says should have been raised is based on an arithmetic error. *See United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) (per curiam). And, claims of ineffective assistance of counsel are not properly raised on appeal unless they have been developed in the trial court. *United States v. Sharp*, 6 F.4th 573, 584 (5th Cir. 2021) (citing *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008)).

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **1st day** of **May, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**